UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BURGESS, CDCR #E-83728,<br><br>  Plaintiff,<br><br>vs.<br><br>SHAKIBA, et al.,<br><br>  Defendants. | Case No.: 3:22-cv-00750-JO-JLB<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO PAY THE FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Gary Burgess ("Plaintiff" or "Burgess") is currently incarcerated at the Richard J. Donovan State Prison ("RJD") located in San Diego, California. Proceeding pro se, he has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and requested to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1, 2. For the reasons set forth below, the Court denies the request.

/ / /

I.      **Request to Proceed In Forma Pauperis**

Plaintiff has not prepaid the civil filing fee and requested instead to proceed in forma pauperis, claiming an inability to pay. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

In support of his request to proceed IFP, Plaintiff has submitted a prison certificate authorized by an RJD accounting official and a copy of his CDCR Inmate Statement Report. *See* ECF No. 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. These documents show that for the preceding six months, Plaintiff carried an average monthly balance of $3,159.93 and average monthly deposits of $57.88. *See* ECF No. 3. The balance in Plaintiff's trust account as of May 25, 2022 was $2,370.71. *Id.* at 1, 3. Plaintiff has not shown the indigence required to proceed IFP. Therefore, because Plaintiff is able to pay the filing fee in total, Plaintiff's Motion to Proceed IFP is **DENIED**.

/ / /

/ / /

/ / /

---

[1] For civil cases filed after December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

## II. Conclusion and Order

1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3) Plaintiff is granted thirty (30) days leave from the date this Order is "Filed" in which to pay the $402 initial civil filing fee.

**IT IS SO ORDERED**.

Dated: June 3, 2022

Hon. Jinsook Ohta
United States District Court