UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GARY BURGESS,
CDCR #E-83728,

Plaintiff,

vs.

SHAKIBA, Doctor; S. GATES, HCS
Service; R. BARENCHI, Chief Medical
Officer, HCS; R. ROBERTS, Chairman
Executive Officer, HCS; KATHLEEN
ALLISON, Director; DOE 1, Chief
Medical Officer; MARTIN CONSERVA,
Physical Therapist; CLAYTON, Doctor;
DOES 1–20, MADDEN, Warden,

Defendants.

Case No.:  3:22-cv-00750-JO-JLB

**ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UNDER 28 U.S.C. § 1915A**

*Pro Se* Plaintiff Gary Burgess ("Plaintiff" or "Burgess"), a state prisoner incarcerated at R.J. Donovan State Prison ("RJD"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff alleges Defendants violated his Eighth Amendment and equal protection rights by failing to provide him with adequate medical care. *Id.* For the reasons set forth below, the Court dismisses Plaintiff's Complaint with leave to amend.

1

# I. Screening Pursuant to 28 U.S.C. §1915A

## A. Screening Standards

Because Plaintiff is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity," the Court must screen the Complaint pursuant to 28 U.S.C. § 1915A and *sua sponte* dismiss it to the extent it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017) (quoting 28 U.S.C. § 1915A(b)). In performing a § 1915A screening, courts turn to the Federal Rule of Civil Procedure 12(b)(6) standard for determining whether a plaintiff has failed to state a claim. Thus, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*. at 679; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

## B. Standards for § 1983 Actions

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (internal quotation marks omitted).

/ / /

/ / /

### C. Allegations in the Complaint

In the Complaint that Plaintiff filed on May 23, 2022, he alleges the following. Plaintiff first informed medical staff at RJD about the pain in his foot in July of 2020. Compl., ECF No. 1 at 10. Despite the fact that an X-ray revealed he had bone spurs and other injuries to his right foot and ankle, a year passed before he received any treatment or pain medication for the injuries. *Id.* In August of 2021, he filed another request for medical treatment. *Id.* A second X-ray showed the injuries had worsened. *Id.* According to Plaintiff, medical staff ordered physical therapy, but it did not help. *Id.* He claims the delay in care caused his foot injuries to worsen and he now cannot walk properly, is unable to participate in physical therapy, and suffers from emotional trauma. *Id.* at 11–13.

The medical records that he attached to the Complaint tell a different story. According to those records, Burgess's primary care provider initially examined him on September 16, 2019 after he first complained of pain in his feet. ECF No. 1-5 at 16–17, 19. The primary care provider referred him to orthotics for evaluation, but Burgess refused the December 4, 2019 appointment. *Id.* at 19. He also refused a December 17, 2019 follow-up appointment with his primary care provider. *Id.* On July 11, 2020, Burgess again raised the issue of his foot pain. *Id.* Burgess's primary care provider evaluated him on July 22, 2020, ordered x-rays of his foot, and prescribed diclofenac gel for the pain. *Id.* The x-ray showed "no acute fracture or dislocation" and a "plantar calcaneal spur," a bony outgrowth on the heel bone. ECF No. 1-3 at 2; ECF No. 1-5 at 23. A doctor examined Burgess again on July 23, 2020 and referred him to physical therapy. ECF No. 1-5 at 19. Burgess refused physical therapy on March 11, 2021. ECF No. 1-3 at 2.

Plaintiff re-initiated his complaints of heel pain in July of 2021. *Id.* A nurse examined Burgess for heel pain on July 9 and July 30 of 2021, prescribed ibuprofen, and re-ordered physical therapy. *Id.* at 3. In August of 2021, Burgess requested an MRI and his care providers informed him that he needed to first participate in physical therapy if he wanted an MRI. *Id.* Medical staff ordered a second x-ray of Burgess's foot, which was performed on August 31, 2021; it showed no bone abnormality. *Id.* Physical therapy staff

evaluated Burgess in early September of 2021 and recommended a course of twice weekly sessions for a three-week period. *Id.* Burgess attended physical therapy during September and October of 2021 but physical therapy staff discharged him after three sessions because he could not tolerate the pain and swelling. *Id.* Because Burgess had participated in physical therapy without improvement, Burgess's primary care provider ordered an MRI in October of 2021 and referred him to an outside podiatrist. *Id.* Medical staff performed the MRI on December 8, 2021, which showed an "small osteochondral lesion of the talus," and "some tendonitis and inflammation around his posterior tibial tendon." ECF No. 1-5 at 5. A podiatrist examined Burgess on December 17, 2021 and prescribed anti-inflammatory pain medication, physical therapy, and an orthotic consultation. *Id.* at 5, 8. On March 23, 2022, physical therapy staff evaluated Burgess and determined that physical therapy should be deferred until Burgess's pain had improved and he had received orthotics. *Id.* at 6.

**D.  Analysis**

Plaintiff asserts four claims for relief in his § 1983 Complaint. In his first cause of action, Plaintiff alleges that various members of the medical staff at RJD violated his Eighth Amendment rights by failing to provide adequate medical treatment for his foot. Comp., ECF No. 1 at 14. His second claim alleges a violation of equal protection; Plaintiff asserts that he was denied proper medical care because he is African American. *Id.* at 14–15. Plaintiff brings a third, *respondeat superior* claim against the senior medical staff at RJD based on their supervisees' failure to provide proper medical care. *Id.* at 15–16. Finally, Plaintiff alleges the defendants are liable for negligence and malpractice under state law based on the same facts. *Id.* at 16–17. The Court will examine each of Plaintiff's claims in turn to determine whether they have been adequately pled.

    1.  <u>§ 1983 Claim for Failure to Provide Adequate Medical Treatment</u>

Plaintiff has not stated a § 1983 claim for a failure to provide adequate medical treatment because he has not plausibly alleged that any named defendant acted with the deliberate indifference required to show an Eighth Amendment violation. "In order to

prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'" *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A prison official violates the Eighth Amendment only when two requirements are met. "First, the deprivation alleged must be, objectively 'sufficiently serious.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, Plaintiff must allege the prison official he seeks to hold liable had a "sufficiently culpable state of mind," that is "one of 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Wilson*, 501 U.S. at 302–03). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Deliberate indifference requires "a purposeful act or failure to respond to a prisoner's pain or possible medical need, *Jett v. Palmer*, 439 F.3d 1091, 1096 (9th Cir. 2006), and "'may appear when prison officials deny, delay, or intentionally interfere with medical care.'" *Id.* (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). "[D]ifferences of opinion over what medical treatment or course of care is proper, are . . . insufficient to constitute an Eighth Amendment violation." *Norvell v. Roberts*, No. 20-cv-0512 JLS (NLS), 2020 WL 4464454, at *4 (S.D. Cal. Aug. 4, 2020) (citing *Estelle*, 429 U.S. at 105–07; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Burgess has not plausibly alleged that any individual doctor or physical therapist acted with deliberate indifference in their treatment of him. While Plaintiff alleges that prison staff delayed treatment of his foot, the medical records Burgess attached to his Complaint show the defendants have not failed to respond to his pain or medical needs. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (courts may generally consider allegations contained in pleadings, as well as exhibits attached to the complaint); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (holding that a court is not required to accept a plaintiff's allegations as true when they are contradicted by documents

attached to the complaint), *amended*, 275 F.3d 1187 (9th Cir. 2001). Plaintiff alleges that he first informed Defendants about his foot pain in July of 2020 but they ignored his medical needs and delayed his treatment for a year after that. Compl., ECF No. 1 at 10. To the contrary, the medical records reveal that following Plaintiff's primary care provider visit in July of 2020, defendants responded promptly to Burgess's complaints and followed up with diagnostic procedures and treatment prescriptions. A doctor prescribed topical pain medication after Burgess's July 22, 2020 medical appointment, a nurse prescribed ibuprofen in July of 2021, and a podiatrist prescribed an anti-inflammatory pain medication in December of 2021. ECF No. 1-5 at 8, 19; ECF No. 1-3 at 3. His primary care provider ordered an x-ray of his foot, which was performed on July 23, 2020, the day after his July 22, 2020 appointment. ECF No. 1-5 at 23. Medical staff ordered a second x-ray which was performed on August 31, 2021. ECF 1-3 at 3. Care providers referred Burgess to physical therapy three times: in July of 2020, March of 2021, and again in August of 2021. ECF No. 1-3 at 2–3; ECF No. 1-5 at 19. Medical staff performed an MRI on Burgess in October of 2021 and referred him to a podiatrist, who prescribed anti-inflammatory medication, orthotics, and physical therapy. ECF No. 1-5 at 5–6, 8. By March 23, 2022, two months before the filing of this Complaint, medical records showed physical therapy would be deferred until Burgess completed a trial period with his orthotics, which he had not yet received. ECF No. 1-5 at 6.

Aside from the allegations of delayed treatment, which are belied by the medical records incorporated in his Complaint, Burgess simply makes broad claims that he has not been properly cared for and that HCS has "failed to provide treatment." Compl., ECF No. 1 at 10–11, 15. Such conclusory allegations are not sufficient to state a § 1983 claim for deliberate indifference. *Iqbal*, 556 U.S. at 678. It appears Burgess simply disagrees with the course of medical treatment he has received for his foot, which is not sufficient to show deliberate indifference. *Norvell*, 2020 WL 4464454, at *4.

Further, Burgess's Complaint is deficient because has not made specific allegations as to what any individual defendant did or did not do to violate his constitutional rights. To

state a § 1983 claim, Plaintiff must allege how "each Government-official defendant, through the official's own individual actions" violated his constitutional rights. *See Iqbal*, 556 U.S. at 676–77. Allegations "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)). The pleadings must show each defendant "[performed] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Burgess's Complaint contends only that "the Defendants," and "Medical Staff known as HCS" failed to provide adequate medical care for his foot. *See* Compl., ECF No. 1 at 14–16. These are broad and conclusory allegations that HCS Medical Staff as a group failed to adequately address his medical needs. They do not explain how any individual doctor or other medical care provider ignored his complaints or failed to treat him in violation of his Eighth Amendment rights. Therefore, his Complaint fails to state any plausible claim for relief under section 1983. *Iqbal*, 556 U.S. at 678.

> 2. Plaintiff Fails to Allege that Defendants Discriminated Against Him in Violation of His Equal Protection Rights

Plaintiff's equal protection claim fails because he has not pleaded sufficient plausible factual allegations showing Defendants intentionally discriminated against him. An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702–03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591, 601–02 (2008); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008). *See also Hartmann v. Calif. Dep't of Corrs. and Rehab*, 707 F.3d 1114, 1123 (9th Cir. 2013) (stating

that "[t]o prevail on an Equal Protection claim brought under § 1983, Plaintiffs must allege facts plausibly showing that 'the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class.") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001) (internal quotation marks and citations omitted)).

In order to state an equal protection claim, Burgess must do more that make conclusory statements that he was denied proper medical care because he is African American. *Iqbal*, 556 U.S. at 678; *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). He must allege facts that show how each individual doctor or physical therapist treated him differently or failed to treat him because he is African American. *See Kaur v. Alameida*, No. 1:05-cv-00276 OWW, 2005 WL 8176356 (E.D. Cal. Oct. 5, 2005) (finding plaintiff stated a plausible equal protection claim where he alleged specific defendants failed to conduct mental health assessments, create mental health treatment plans, summon medical care after he had not eaten or showered for thirty days, or examine plaintiff when he would not leave his cell, because of his religion and ethnicity). Because Burgess has not made sufficient, specific, and individualized allegations of violations of his Fourteenth Amendment rights, he has failed to state a plausible § 1983 claim. *Iqbal*, 556 U.S. at 678.

3. Plaintiff's *Respondeat Superior* Claims Against Prison Officials Fail as a Matter of Law

Plaintiff's claims against "Senior Staff" – i.e., Defendants Allison, Madden, Barenchi, Roberts, and Gates – fail because supervisory liability is not an independent cause of action under § 1983. Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. A supervisory defendant can only be held liable "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

8

constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 855 F.2d 642, 646 (9th Cir. 1989)). Burgess seeks to hold Madden, Allison, Shakiba, Roberts, Barenchi, and Does 1-20 liable "through respondeat superior," Compl., ECF No. 1 at 15, but such claims are not legally permissible. *Iqbal*, 565 U.S. at 676; *Starr*, 652 F.3d at 1207. Moreover, while he generally alleges that these senior staff failed to develop or implement medical care policies for inmates, he fails to allege any facts to show how, when, or why any such failures caused him injury. *See Starr*, 652 F.3d at 1207; *Leer*, 844 F.2d at 633. Therefore, his Complaint also fails to state a plausible claim for relief against the senior staff under section 1983.

### 4. Plaintiff's Negligence and Malpractice Claims

In his fourth claim, Burgess alleges the Defendants "are responsible through negligence and malpractice" for his alleged injuries. Compl., ECF No. 1 at 16–17. With respect to these state law claims, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal quotation marks and citations omitted). Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

### E.   Leave to Amend

Based on the foregoing, the Court finds Burgess's complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed *sua sponte* and in its entirety pursuant to 28 U.S.C. § 1915A. *See Olivas*, 856 F.3d at 1283. Because Burgess is proceeding *pro se*, the Court will grant him leave to amend. Now that the Court has provided Plaintiff "notice of the deficiencies in his complaint," it will give him an opportunity to fix them if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II.    Conclusion and Order

For the reasons explained above, the Court:

1.    **DISMISSES** this civil action *sua sponte* based on Plaintiff's failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

2.    **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted above. The Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. LR 15.1; *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  May 16, 2023

_____
Honorable Jinsook Ohta
United States District Judge

3:22-cv-00750-JO-JLB